FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 AM 11: 54

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0767-16 |
| vs. | **DECISION AND ORDER** |
| JOHN DAVID ARRIOLA, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 7 and 11, 2017, for hearing on Defendant John David Arriola's ("Defendant") Motion to Suppress and Motion to Dismiss for Lack of Probable Cause. Defendant was present with Assistant Public Defender Christine Borja, and Assistant Deputy Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On January 9, 2017, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Indictment, Jan. 9, 2017).[1] These charges are based on the discovery of drugs and drug paraphernalia during the course of a traffic stop.

---

[1] The Indictment also charges Nellie Penaflor with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Penaflor plead guilty on March 20, 2017. *See* Plea Agreement, Mar. 29, 2017.

On July 27, 2017, Defendant filed a Motion to Suppress and Motion to Dismiss for Lack of Probable Cause. On August 4, 2017, the Government filed its Opposition. No Reply was filed. On September 7, 2017, the Court heard sworn testimony from Guam Police Department ("GPD") Officer Christopher Champion ("Officer Champion"). At the conclusion of the hearing, Defense counsel requested for a continuance to determine if any rebuttal witnesses would be called. (Minute Entry, Sep. 7, 2017). On September 11, 2017, Defense counsel indicated to the Court that there would be no further witnesses, and the Court invited both parties to submit proposed findings of fact and conclusions of law. On September 13, 2017, the Government filed its Proposed Findings of Fact and Conclusions of Law. On October 30, 2017, at a Further Proceedings hearing, the Court gave Defendant leave to still file proposed findings. On December 11, 2017, Defendant filed his Proposed Findings of Fact and Conclusions of Law.

## DISCUSSION

Defendant moves the Court to both suppress all evidence seized in this matter, as well as dismiss this matter due to lack of probable cause.

**Motion to Suppress**

At the Suppression Hearing, Officer Champion testified that he and Officer E.A. Illagan were in a patrol vehicle when he observed a vehicle pass in front of him with an expired registration decal on the rear license plate. Officer Champion indicated that he intended to execute a traffic stop of the vehicle, but before he was able to do so, the vehicle stopped in the drive way of a house. The driver of the vehicle, later identified as Defendant, got out of the car, and was asked by Officer Champion to remain in the car so he could talk to him. Officer Champion testified that he explained to Defendant the reason for the stop, and asked Defendant for his driver's license. Defendant did not have his license on him, but offered to go inside the residence to retrieve it. Officer Champion observed other occupants inside the vehicle, as well as a backpack in the front driver's seat. Defendant indicated the backpack was his. Officer Champion observed Defendant had shaking hands and repeated questions he asked and averted his gaze; actions that he interpreted as nervous behavior. Officer Champion then asked Defendant for consent to search the vehicle, which Defendant agreed to. Officer Champion

began the search of the vehicle with the backpack, where he found plastic straws and a digital scale. At some point after this discovery, Defendant objected to the search. Officer Champion testified that during this portion of the encounter, Defendant was not handcuffed nor had he been read his *Miranda* rights.

Defendant first argues that GPD officers did not have reasonable suspicion to stop Defendant's vehicle and detain him. *See* Mot. at 2-7.

The Fourth Amendment to the United States Constitution "permits brief investigative detentions when a police officer has reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct." *People v. Johnson*, 1997 Guam 9 ¶ 4 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). "The *Terry* stop doctrine has been extended to justify the investigatory stop of a motor vehicle." *Johnson*, 1997 Guam 9 ¶ 4 (citing *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). "As a general matter, the decision to stop an automobile without a warrant is reasonable where the police have probable cause to believe that a traffic violation has occurred. Further, it is reasonable to stop a car where the police merely have a reasonable suspicion to believe the driver has committed a traffic violation." *People v. Chargulaf*, 2001 Guam 1 ¶ 17 (citations omitted). "In order to determine whether an officer had reasonable suspicion sufficient to warrant a traffic stop, the court must look at the totality of the circumstances, taking into account the facts known to the officers from personal observation." *Johnson*, 1997 Guam 9 ¶ 6 (citation and quotation marks omitted). Furthermore, the reasonable suspicion must exist at the time the stop was initiated. *Id.* (citation omitted). The "lawfulness of a *Terry* stop turns not on the officer's actual state of mind at the time the challenged action was taken, but rather on an objective assessment of the officer's actions. In other words, if sufficient objective evidence exists to demonstrate reasonable suspicion, a *Terry* stop is justified regardless of a police officer's subjective intent." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (internal quotation marks and citations omitted).

Guam law requires vehicles to be properly registered before being driven upon a highway. *See* 16 G.C.A. § 7101 (Registration Required); 16 G.C.A. § 7130 (annual registration of vehicles); 16 G.C.A. § 7135 (License Plates Renewal); and 16 G.C.A. § 7137 (Registration

Renewal). Therefore, Officer Champion's observation that Defendant's vehicle was operating on a highway with an expired registration decal would provide a basis to warrant a traffic stop. Although Defendant stopped the vehicle prior to Officer Champion initiating a traffic stop with the blue lights and siren on his vehicle, Officer Champion testified that he was about to initiate a stop when he contacted Defendant, and treated the encounter as a traffic stop.

Next, Defendant argues that Officer Champion impermissibly extended the traffic stop and conducted a warrantless search of the vehicle. *See* Mot. at 2-8; Def. Proposed Findings of Fact and Conclusions of Law at 4-5, Dec. 11, 2017. "A search or seizure made without a warrant is presumed to be unreasonable. In the absence of a warrant, the police may lawfully conduct a search or seizure only if an exception to the warrant requirement applies. Voluntary consent is a recognized exception to the warrant requirement." *People v. Chargualaf,* 2001 Guam 1 ¶ 14 (internal citations omitted). According to Officer Champion's testimony, Defendant gave consent to search the vehicle. Thus, the Court must examine, based on the totality of the circumstances, whether Defendant's consent was voluntary. *See id.* at ¶ 25. The Court must examine the following factors: 1) whether the defendant was detained and the length of time of the questioning; 2) whether the defendant was threatened or intimidated by the police; 3) whether the defendant relied on misrepresentations or promises made by the police; 4) whether the defendant was in custody or under arrest when the consent was given; 5) whether the defendant was in a public or secluded place; and 6) whether the defendant objected to the search. *Id.* (citation omitted).

The Court finds, based on the totality of the circumstances, that consent was given voluntarily. First, although Defendant was "detained" for purposes of the traffic stop, this alone does not automatically render any consent involuntary. *See United States v. SotoCir.* 988 F.2d 1548, 1577-58 (10th Cir. 1993) ("Valid consent may be given by a person being detained"). There was no testimony indicating that the period of questioning resulting in Defendant's consent to search was improper or too lengthy, or that he was threatened or intimidated by the police. There was no testimony that Officer Champion made any representations regarding the consent to search, or that Defendant objected to the search. Although the traffic stop took place

at a residence, the Court notes that Defendant was observed operated the vehicle in violation of Guam's vehicle registration laws on a public street. Any retreat by a defendant to private property does not invalidate a detention based on observations made in a public place. *See United States v. Santana*, 427 U.S. 38, 43 (1976) (concluding that "a suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place."). Therefore, the Court finds that Defendant voluntarily gave consent to search the vehicle, and will not grant Defendant's Motion to Suppress on that basis.

**Motion to Dismiss**

Defendant argues that there is no probable cause to support the charges against Defendant pursuant to 8 G.C.A. § 45.80(b). *See* Mot. at 8-9. Defendant states that there are no facts present pointing to Defendant committing a crime. *Id.* at 8. The Government opposes, arguing that there are no provisions of Guam law which allow for this type of motion to be brought, citing *People v. Jones*, 2006 Guam 13 ¶ 12, and *United States v. Costello*, 350 U.S. 359, 362-63 (1956). *See* Opp'n at 7-8.

Title 8 G.C.A. section 45.80 refers to preliminary examinations, and is inapplicable in this case. Here, a grand jury was presented evidence and found "reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b). Courts generally lack authority to review grand jury findings for evidentiary sufficiency. *See Costello*, 350 U.S. at 362-63. A facially valid indictment returned by a legally constituted and unbiased grand jury is sufficient to call for a trial on the merits. *Id.* at 363. Therefore, the Court denies Defendant's Motion to Dismiss.

\\

\\

\\

\\

\\

\\

\\

---

*People v. Arriola*
Case No. CF0767-16
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Suppress and Motion to Dismiss for Lack of Probable Cause.

Further Proceedings are set for January 22, 2018 at 9:30 a.m.

**IT IS SO ORDERED** this 10th day of January, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

JAN 10 2018    Time: 12 Noon

Deputy Clerk, Superior Court

*People v. Arriola*
Case No. CF0767-16
Decision and Order